PER CURIAM.
The appellant seeks review of the order denying his motion for additional jail credit filed under Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for further proceedings.
On March 7, 1997, the appellant filed a motion for modification of his prison sentences pursuant to Florida Rule of Criminal Procedure 3.800(c). Part of the relief he sought was credit for the time he had spent on community control. The trial court denied the motion.
On April 7,1997, the appellant filed a second motion in which he alleged that he had not been given full credit for specifically identifiable amounts of time he had spent incarcerated in the county jail awaiting the final disposition of his criminal charges. The trial court denied the motion on the basis of res judicata because it viewed the motion as raising the same issue which had previously been addressed in the first motion. Our examination of each motion leads us to conclude that they relate to entirely different claims for relief. Accordingly, because the second motion seeking additional jail credit was facially sufficient and because the trial court did not attach to its order any attachments justifying denial, we must reverse and remand for further proceedings and direct that on remand the trial court reconsider the merits of the second motion. See Becton v. State, 668 So.2d 1107 (Fla. 2d DCA 1996). If it again denies the motion, the trial court must attach to its order those documents that conclusively refute the appellant’s claim for additional jail credit. Id.
Reversed and remanded for further proceedings.
DANAHY, A.C.J., and ALTENBERND and LAZZARA, JJ., concur.