PER CURIAM.
Andrew Howard seeks review of the order dismissing his motion for county jail time credit filed under Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for further proceedings.
On June 23, 2005, Howard filed a “motion to accredit county jail time” pursuant to rule 3.800(a) alleging (1) entitlement to an additional thirty-six days’ jail credit for time spent in the county jail from June 14, 2004, to July 19, 2004, in cases CRC98-05199CFANO and CRC99-03598CFANO, and (2) entitlement to an additional thirty-two days’ jail credit for time spent in the county jail from June 14, 2004, to July 15, 2004, in case CRC98-21875CFANO. On June 29, 2005, the postconviction court summarily dismissed Howard’s rule 3.800(a) motion. The postconviction court concluded that it had previously addressed at length the jail credit award issues in cases CRC98-05199CFANO, CRC98-21875CFANO, and CRC99-03598CFANO in its order of February 22, 2005.
We conclude from our examination of the February 22, 2005, order and Howard’s motion filed June 23, 2005, that they relate to entirely different claims for relief. The February 22, 2005, order addresses Howard’s entitlement to jail credit from October 5, 2004, to October 21, 2004, in case CRC98-03517CFANO, and says nothing about Howard’s entitlement to jail credit in cases CRC98-05199CFANO, CRC98-21875CFANO, and CRC99-03598CFANO prior to October 2004. Therefore, Howard’s June 23, 2005, motion is not barred on res judicata grounds. See Lowe v. State, 696 So.2d 891 (Fla. 2d DCA 1997).
Because Howard’s June 23, 2005, motion was facially sufficient and because the postconviction court did not attach to its order any attachments justifying denial, we reverse and remand for further proceedings. On remand, the postconviction court shall consider the merits of the June 23, 2005, motion. See Becton v. State, 668 So.2d 1107 (Fla. 2d DCA 1996). If it denies the motion on remand, the postcon-viction court must attach to its order those documents that conclusively refute Howard’s claim for additional jail credit. Id. at 1108. Because it appears that Howard might be entitled to immediate release if he is entitled to the credit he seeks, the postconviction court is directed to consider immediately the merits of his claims.
*1076 Reversed and remanded for further proceedings.
CASANUEVA, CANADY, and WALLACE, JJ., Concur.